665 A.2d 1112

IN THE MATTER OF THE DISCIPLINARY
HEARING OF CURTIS BYNES.

Superior Court of New Jersey
Appellate Division

Submitted June 15, 1994—Decided August 15, 1994.

Before Judges SHEBELL, LONG and LANDAU.

*Wysoker, Glassner & Weingartner*, attorneys for appellant-cross-respondent (*Jack Wysoker* and *Roberta K. Glassner*, on the brief).

*Abrams, Blatz, Gran, Hendricks & Reina*, attorneys for respondent-cross-appellant (*Howard Gran*, on the brief).

PER CURIAM.

Patrolman Curtis Bynes of the Piscataway Police Department was found guilty of insubordination and feigning an injury subse-

quent to an Administrative Disciplinary Hearing conducted by the Piscataway Police Department. As a result of these findings, Bynes was sentenced to ten days suspension for feigning an injury and twenty days suspension for insubordination.

He appealed these convictions de novo on the record to the Superior Court, Law Division, Middlesex County. After a trial, the judge dismissed the feigning an injury charge, affirmed the insubordination charge and reduced the twenty day suspension without pay to a three day assessment, whereby Bynes had to forfeit three personal or sick days.

On appeal, Bynes argues that the absence of substantial credible evidence on the record prevents sustaining the insubordination charge; the Piscataway Police Department failed to sustain its burden of proof and violated Bynes' presumption of innocence, and the record reflects that Bynes acted reasonably and civilly in response to a superior's abusive behavior, therefore rendering the finding of insubordination arbitrary, capricious and unreasonable. On cross-appeal, the Township asserts that the sentence imposed for the insubordination charge should not have been modified, and the charge of feigning an injury was supported by substantial evidence and should not have been dismissed.

We have carefully analyzed this record in light of these contentions and the applicable standard of review and have concluded that our intervention is unwarranted. As Judge Berman, the trial judge, found, there was substantial credible evidence in the record as a whole to support the insubordination charge but there was not such evidence to support the charge of feigning an injury.

As to the reduction of the penalty imposed on the insubordination charge, Judge Berman's conclusion that the original penalty was unduly harsh in relation to what actually transpired is based upon findings of fact which are amply supported by the record. *R.* 2:11–3(e)(1)(A).

Affirmed.

SHEBELL, P.J.A.D., dissenting.

None of us is perfect. Curtis Bynes, considering his condition, reacted reasonably to the overwhelming insensitivity of his superior officer. What I see is a severely injured worker, who at best was misunderstood and treated harshly, and who at worst, as undoubtedly he believed, was harassed and subjected to discrimination. His conduct, as a matter of law, did not rise to the level of insubordination under the circumstances presented. *See N.J.S.A.* 40A:14–147; *cf. In the Matter of Morrison,* 216 *N.J.Super.* 143, 523 *A.*2d 238 (App.Div.1987); *City of Newark v. Harry M. Massey and N.J. Civil Serv. Comm'n,* 93 *N.J.Super.* 317, 225 *A.*2d 723 (App.Div.1967); *In re Leonard Gioglio, Jr.,* 104 *N.J.Super.* 88, 248 *A.*2d 570 (Cty.Ct.1968). Therefore, I would reverse the finding of insubordination. I join in the majority's affirmance on the cross-appeal.